IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x
ELAINE FRANCIS,

                                                  Index No. 17-cv-262

                PLAINTIFF,

vs.

                                                  COMPLAINT
                                                  [JURY TRIAL
                                                  DEMANDED]

NYPD DET. JERMAINE CLARK, NYPD DET.
JOSEPH SANATORE, and NYPD OFFICER IVAN
COBOTIC,

                DEFENDANTS.
_____x

Plaintiff, by her attorneys, STECKLOW & THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights.

## II.    Venue and Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

3. Venue is proper for because the events occurred in this district.

## III.   JURY DEMAND

4. The plaintiff respectfully demands a trial by jury of all issues in this matter.

## IV.   THE PARTIES

5. Plaintiff ELAINE FRANCIS (also "ELAINE") is a resident of the State of New York.

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of THE CITY OF NEW YORK.

8. Defendants NYPD DET. JERMAINE CLARK, NYPD DET. JOSEPH SANATORE, and NYPD OFFICER IVAN COBOTIC (all together, the "Police Officer Defendants") are uniformed members of the NYPD.

9. Throughout the incident, the Individual Defendants were acting within the scope of their employment and under color of state law.

10. The Police Officer Defendants plus the City of New York will be referred to as "The Defendants."

## V.    FACTS COMMON TO ALL CLAIMS

11. The plaintiff, Elaine Francis, is the mother of a teenage son.

12. At the time of this incident, Elaine's son was a minor child.

13. On January 13, 2014, a police officer from the 25th Precinct, upon information and belief Det. Clark, called Elaine, and asked her to come to the precinct because her son was under arrest.

14. Det. Clark said they needed Elaine to come because her son was a minor, and they could not interview him without her present.

15. Elaine was with her 4 month old daughter.

16. Det. Clark insisted that Elaine come right away.

17. Elaine arranged to leave her young daughter with her aunt, and went to the precinct.

18. When Elaine arrived, the Police Officer Defendants were in a room in the precinct attempting to interview her son.

19. Elaine's son was not being cooperative.

20. At the time, Elaine was in the process of applying to work as a police officer.

21. Elaine also raised her son to respect and obey the law.

22. In front of the officers, Elaine told her son to tell the police what happened.

23. Her son, however, continued to refuse to speak.

24. Even so, Elaine allowed the police to speak to her son.

25. The Police Officer Defendants talked to him for about 25 minutes.

26. Elaine wanted to take a break and speak to her son privately to find out why he would not talk to the police.

27. Elaine asked to speak to her son alone.

28. A supervising officer told Elaine that she could speak to her son alone as long as the officers were somewhere they could see both Elaine and her son.

29. However, the supervising officer stepped away, and Det. Clark got a paper that he demanded Elaine sign.

30. Upon information and belief, the paper was a Miranda rights waiver form.

31. A Miranda rights waiver form is a document saying that the police could use her son's statements against him in criminal court, and giving up her son's right to have an attorney while he was being questioned.

32. Det. Clark and the Police Officer Defendants told Elaine that she could only speak to her son if she signed the paper.

33. Elaine refused to sign the document, because she didn't want to sign a legal document without speaking to an attorney.

34. Det. Clark continued to insist that Elaine could not speak to her son unless she signed the document giving up her son's rights.

35. Elaine sat down to try to talk to her son privately.

36. Defendant Det. Clark sat down right next to her, preventing a private conversation.

37. In doing so, Det. Clark intentionally slammed his chair down next to Elaine, making a loud noise.

38. Elaine began to be frightened, because Det. Clark's behavior was getting aggressive.

39. Elaine decided she should leave, because of Det. Clark's aggressive behavior.

40. Det. Clark placed himself directly in front of Elaine to prevent her from leaving.

41. Elaine spoke to one of the other officers, saying, in sum and substance: "Can you tell me what the next step is?"[1]

42. A female officer in the next room gestured to Elaine to come with her.

43. Elaine began to follow this female officer, and left the room where her son was.

44. The female officer asked Elaine what the problem was.

45. Right after they left the room, Elaine heard a banging or smashing sound, back in the room where her son was.

46. Elaine was immediately worried something happened to her son.

47. The female officer and Elaine both went back towards the room where Elaine's son was.

48. Before Elaine re-entered the room where her son was, Det. Clark tackled Elaine from behind.

49. Elaine fell to the ground.

50. Det. Clark put handcuffs on her.

51. Elaine was taken to a holding cell that smelled of urine.

---

[1] All quoted statements in this complaint reflect the sum and substance of what was said, but do not necessarily reflect the exact words used.

52. At first she was told that she was not under arrest.

53. Then, after more than an hour in the cell, Elaine was told she was being charged with assaulting an officer.

54. Elaine was scared, because she didn't assault an officer, and was afraid that if the Police Officer Defendants were going to lie about what happened, Elaine might be convicted.

55. Elaine was eventually taken to Central Booking.

56. She was held there overnight, all through the next day, and was not released until 9 PM the next night.

57. In all, Elaine was in custody about 24 hours.

58. Elaine had never been arrested before.

59. Elaine was scared throughout her time in custody, not knowing what was going to happen next.

60. Central Booking was filthy.

61. Elaine had to use a toilet in full view of other inmates.

62. The food was disgusting and the beds were not clean.

63. The Police Officer Defendants charged Elaine with crimes she did not commit: Fighting, Resisting Arrest, and Obstructing Governmental Administration.

64. Det. Clark swore out a supporting deposition falsely stating, among other false statements, that Elaine charged at him.

65. Defendant Det. Sanatore swore out a false criminal complaint repeating these falsehoods.

66. Both officers knew that the statements were not true.

67. The Police Officer Defendants gave false information about Elaine's conduct to the District Attorney's office, resulting in Elaine's arraignment and prosecution on the false charges.

68. The plaintiff was required to make several appearances in court to defend herself from these baseless charges, including upon the following dates: March 13, 2014, May 15, 2014, July 9, 2014, September 22, 2014, November 3, 2014, December 16, 2014, and February 18, 2015.[2]

69. On February 18, 2015, all of the charges were dismissed.

70. However, as a result of her arrest, Elaine was forced to discontinue her application to work for the NYPD.

71. Furthermore, as a result of the arrest, Elaine was fired from another job as a part-time counselor at a homeless shelter.

72. Elaine had worked at that job, except for a maternity leave, since approximately November 2009.

## VI. Claims for Relief

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF CONSTITUTIONAL RIGHTS
PURSUANT TO 42 U.S.C. § 1983
(AGAINST ALL DEFENDANTS)**

73. The plaintiff realleges all allegations stated herein.

74. Defendant The City of New York and its agents, servants and employees, including, but not limited to, The Police Officer Defendants, deprived the plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

---

[2] Elaine was excused from one of these appearances because of a death in the family.

and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

75. All of the aforementioned acts of The Police Officer Defendants were carried out under the color of state law.

76. The acts complained of were carried out by The Police Officer Defendants in their capacities as police officers, with all of the actual and or apparent authority attendant thereto.

77. The Police Officer Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. As a result of the above constitutionally impermissible conduct, the plaintiff was caused to suffer harm.

79. The plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**FALSE ARREST
PURSUANT TO 42 U.S.C. § 1983
(AGAINST ALL DEFENDANTS)**

80. The plaintiff realleges all allegations stated herein.

81. The Police Officer Defendants arrested Elaine without having a reason (probable cause) to do so.

82. Because the Police Officer Defendants had no reason to arrest Elaine, their arrest of Elaine was unlawful and violated Elaine's constitutional rights.

83. As a result of the above constitutionally impermissible conduct, the plaintiff was caused to suffer harm.

84. The plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### MALICIOUS PROSECUTION
### PURSUANT TO 42 U.S.C. § 1983
### (AGAINST ALL DEFENDANTS)

85. The plaintiff realleges all allegations stated herein.

86. The Police Officer Defendants caused the plaintiff to be prosecuted for offenses which she did not commit.

87. The plaintiff was compelled to respond to those charges.

88. The charges were ultimately dismissed.

89. As a result of the above constitutionally impermissible conduct, the plaintiff was caused to suffer harm.

90. The plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

### DENIAL OF FAIR TRIAL RIGHTS
### PURSUANT TO 42 U.S.C. § 1983
### (AGAINST ALL DEFENDANTS)

91. The plaintiff realleges all allegations stated herein.

92. The Police Officer Defendants provided false information and evidence to the District Attorney's Office, so that Elaine would be prosecuted for crimes she did not commit.

93. By providing this false information and evidence, the Police Officer Defendants deprived Elaine of her right to a fair trial.

94. The charges were ultimately dismissed.

95. As a result of the above constitutionally impermissible conduct, the plaintiff was caused to suffer harm.

96. The plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**FAILURE TO INTERVENE
PURSUANT TO 42 U.S.C. § 1983
(AGAINST ALL DEFENDANTS)**

97. The plaintiff realleges all allegations stated herein.

98. The Police Officer Defendants witnessed each other's violations of Elaine's rights, and failed to stop these violations from happening.

99. In so doing they violated the duty of every police officer to uphold the law.

100. They also violated Elaine's constitutional rights.

101. By providing this false information and evidence, the Police Officer Defendants deprived Elaine of her right to a fair trial.

102. The charges were ultimately dismissed.

103. As a result of the above constitutionally impermissible conduct, the plaintiff was caused to suffer harm.

104. The plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

WHEREFORE it is respectfully requested that the Court:

    [a] Award appropriate compensatory and punitive damages.

    [b] Empanel a jury.

    [c] Award attorney's fees and costs.

    [d] Award such other and further relief as the Court deems to be proper and in the interest of justice.

DATED:    New York, New York
January 12, 2017

                                          //s//
DAVID A. THOMPSON  [dt3991]
STECKLOW & THOMPSON
ATTORNEYS FOR PLAINTIFF
217 Centre Street, 6th Floor
Phone: (212) 566-8000
Fax:    (212) 202-4952
dave@sctlaw.nyc